**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**HODGES JEROME JEFFERSON,**

      **Plaintiff,**

**vs.**                                                                      **Case No. 4:07cv555-RH/WCS**

**DOMINO'S PIZZA,**

      **Defendant.**

                                        **/**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, has submitted a motion to proceed *in forma pauperis*, doc. 2, supported by a financial affidavit.  Plaintiff's affidavit is not entirely sufficient to demonstrate that Plaintiff cannot pay the Court's filing fee as Plaintiff indicates he does not own property, but then also states he does not rent property either.  Furthermore, Plaintiff indicates no monthly payments on bills other than a $75.00 monthly fee for a storage facility.  Doc. 2.  Plaintiff indicates he receives approximately $845.00 per month from retirement or social security benefits, and an additional $509. per month from the V.A.  It will be presumed, for Plaintiff's benefit, that he has other debts which he has failed to list, including rent or mortgage, utilities, and the like.  Plaintiff's motion will be granted and Plaintiff will not be required to submit an amended financial affidavit.

Plaintiff simultaneously submitted a complaint, although the complaint is not on court forms as required by the local rules of this Court for *pro se* litigants.  N.D. Fla. Loc. R. 5.1(J).  Nevertheless, because the substance of Plaintiff's allegations reveal that he cannot state a claim under 42 U.S.C. § 1983, there is no need to require Plaintiff to file an amended complaint on the proper forms.

Plaintiff alleges that in February of 2003, he went into a Domino's Pizza and while there, several persons of ethnic backgrounds made racially derogative comments. Doc. 1.  Plaintiff was offended and asked the "cashier to call the U.S. Marshals, FBI, & TPD" but the cashier refused to do so.  *Id.*  Plaintiff then claims to have been "pushed into the door by the skinhead as they call themselves . . . ."  *Id.*  Plaintiff states he deserves "equal treatment and protection."  *Id.*

Plaintiff's claims arose in February of 2003.  A civil rights action is governed by Florida's personal injury statute of limitations.  <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* <u>Owens v. Okure</u>, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); <u>Wilson v. Garcia</u>, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  <u>Burton</u>, 178 F.3d at 1188, *citing* <u>Baker v. Gulf & Western Indus., Inc.</u>, 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's claims are barred by the statute of limitations and must be dismissed.

Moreover, in any action alleging civil rights violations, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and

2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420 (1981);

Barfield v. Brierton, 883 F.2d 923, 934 (11th Cir. 1989).  Employees of Domino's Pizza do not act with governmental authority and are not acting under "color of state law." Moreover, the failure to call law enforcement is not a constitutional violation.  Therefore, because this complaint is insufficient to state a claim upon which relief may be granted, it must be dismissed.

**ORDER**

Accordingly, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, is **GRANTED**.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 9, 2008.

 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**